UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

EDWARD G. ALLEN,

                              Plaintiff,

      v.                                                11-CV-330

MICHAEL J. ASTRUE,
Commissioner of Social Security
Administration

                              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

Plaintiff Edward Allen brought this action pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), appealing a final decision of the Social Security Administration denying his claim for Social Security benefits. Presently before the Court is Defendant's motion for judgment on the pleadings pursuant to Fed. R. Civ. P. Rule 12(c).

**I.      STANDARD OF REVIEW**

The Court's review of the Commissioner's determination is limited to two inquiries. First, the Court must determine whether the Commissioner applied the correct legal standard. Tejada v. Apfel, 167 F.3d 770, 773 (2d Cir. 1999). Second, the Court reviews whether the Commissioner's findings are supported by substantial evidence within the administrative record. Id. at 773. The Commissioner's finding will be deemed conclusive if supported by substantial evidence. 42 U.S.C. § 405(g); Rivera v. Sullivan, 923 F.2d 964, 967 (2d Cir. 1991). In the context of Social Security cases,

substantial evidence consists of "more than a mere scintilla" and is measured by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v. NLRB, 305 U.S. 197, 59 S.Ct. 206, 83 L.Ed. 126 (1938).  Where the record supports disparate findings and provides adequate support for both the plaintiff's and the Commissioner's positions, a reviewing court must accept the Administrative Law Judge's factual determinations. Quinones v. Chater, 117 F.3d 29, 36 (2d Cir. 1997).

## II. DISCUSSION

Plaintiff seeks judicial review of the final decision of the Social Security Administration denying his claim for Social Security benefits.  Plaintiff alleges that he has been disabled since 2004 because of torn meniscus in both knees, depression, diabetes mellitus with neuropathy, cornea replacement, osteoarthritis in the hips and bursitis in the left shoulder.  On appeal, Plaintiff argues that the Administrative Law Judge (ALJ) erred when she found that Plaintiff engaged in work activity after 2004 and she failed to assist Plaintiff in developing the record.  Plaintiff also argues that the ALJ erred in finding that Plaintiff did not have an impairment or combination of impairments that would limit his ability to work.

A medically determinable impairment or combination of impairments is severe if it significantly limits an individual's physical or mental ability to do basic work activities.  20 C.F.R. §§ 404.1520, 416.920.  It is plaintiff's burden to show that his impairment(s) significantly limited his ability to do basic work activities.  Barnhart v. Thomas, 540 U.S. 20, 24-25 (2003).  Basic work activities are the abilities and aptitudes necessary to do most jobs.  20 C.F.R. §§ 404.1521(b), 416.921(b).  Examples of these include: (1) physical functions such as walking, standing, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3)

understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. Id.

Plaintiff contends that the ALJ failed to conduct an unbiased review of the medical evidence by improperly disregarded the treating physician's assessment. A treating physician's opinion, as to the nature and severity of claimant's condition, is controlling only if it is well supported and is not inconsistent with the other substantial evidence in the record. 20 C.F.R. §§ 404.1527(d), 416.927(d); Snell v. Apfel, 177 F.3d 128, 133 (2d Cir. 1999). In 2007, the treating physician, Dr. Pavlou, stated in one assessment that Plaintiff was physically limited and he could not lift, carry, pull, bend, or walk up stairs. The ALJ accorded the assessment no controlling weight because it was not supported by Dr. Pavlou's clinical findings either in that assessment or previous medical examinations. In addition, during an examination on March 12, 2009, Dr. Pavlou gave medical advice contrary to his 2007 assessment in that he suggested that Plaintiff engage in daily exercise to control his weight. In January 2008, a medical record shows that Plaintiff had been doing manual labor for two days which lead to some soreness. In addition, Dr. Pavlou's assessment was inconsistent with the weight of the medical evidence of record. Dr. Sheikh, a consultative physician, observed that Plaintiff's physical condition was generally unremarkable. Plaintiff's gait and stance were normal. Plaintiff demonstrated full muscle strength and a full range of motion as well as normal reflexes and sensations throughout his arms and legs. He exhibited a full range of motion throughout his cervical, thoracic and lumbar spine. Straight leg raising tests were negative. Plaintiff's hand and finger dexterity was intact and his grip strength was full bilaterally. Based on these findings, Dr. Sheikh opined that plaintiff had no physical limitations due to an impairment. In 2008, Dr. Reynolds, an orthopedic surgeon, surgically repaired

Plaintiff's torn meniscus. During the post-surgical examinations, Dr. Reynolds observed that Plaintiff's left knee exhibited a good range of motion without pain and he noted that Plaintiff was doing well. During a 2009 examination, Dr. Reynolds noted that Plaintiff had an excellent outcome from the surgery and Plaintiff told Dr. Reynolds that his left knee pain had resolved. Moreover, the medical records failed to reveal any impairment that could be reasonably expected to significantly limit plaintiff's ability to perform basic work activities. Accordingly, the ALJ's unwillingness to give controlling weight to the conclusions of the treating physician was supported by substantial evidence.

Plaintiff also argues that the ALJ erred in determining Plaintiff had no severe mental impairments that would significantly limit his ability to perform basic work activities. The test for determining whether a mental impairment significantly limits an individual's ability to perform basic work activities hinges upon an assessment of its impact on factors such as the ability to understand, carry out, and remember instructions, as well as the ability to respond appropriately to supervisors, co-workers, and work stresses in a normal work setting. 20 C.F.R. §§ 404.1545(c), 416.945(c); SSR 96-9p. Dr. Pavlou, the treating physician, advised in the 2007 assessment that Plaintiff had no mental limitations. Dr. Noia, a consultative psychologist, assessed that plaintiff could understand and follow simple instructions; independently perform simple tasks; learn new tasks; make appropriate decisions; and relate moderately well with others. Similarly, Dr. Inman-Dundon, a State agency psychological consultant, assessed no significant limitations in understanding, remembering, and carrying out short and simple instructions; working in coordination with or proximity to others; making simple work-related decisions; interacting appropriately with the public; asking simple questions or requesting assistance; getting along with co-workers or peers; and maintaining socially appropriate behavior. Plaintiff had moderate difficulties in maintaining attention and concentration for extended periods;

accepting instructions and criticism from supervisors; and responding appropriately to changes in the work setting.  State agency psychological consultants are qualified experts in the field of Social Security, and an ALJ is entitled to rely upon their opinions in issuing decisions. 20 C.F.R. §§ 404.1512(b)(6), 416.912(b)(6).  The ALJ also considered the four broad areas of functioning specified in the regulations for determining the severity of a mental impairment. 20 C.F.R. §§404.1520a, 416.920a. These four areas are: 1) activities of daily living; 2) maintaining social functioning; 3) maintaining concentration, persistence, or pace; and 4) episodes of decompensation. 20 C.F.R. §§404.1520a(b)(3), 416.920a(b)(3).  In determining that Plaintiff had no limitations in these areas of function she considered Plaintiff's acknowledged activities of daily living and social functioning,  as well as his admission that he had no difficulty remembering things, could follow written and spoken instructions, and could finish what he started.  Although Plaintiff was diagnosed with depression, he never pursued treatment, and thus, there is no showing that these symptoms have lasted twelve months and that he did not respond well to the treatment, thereby impacting his functioning to any significant degree.  For these reasons, the ALJ's determination that Plaintiff had no severe mental impairment was supported by substantial evidence.

      Plaintiff contends that the ALJ failed to develop the record.  The ALJ heard Plaintiff's testimony, obtained consultative medical and psychological examinations, obtained records from Plaintiff's treating sources, and had the evidenced reviewed by a State agency consultant. Moreover, following the hearing, the ALJ held the record open in order to allow Plaintiff's counsel an opportunity to submit additional medical records.  In fact, Plaintiff's counsel submitted additional medical records which the ALJ received into evidence and considered in making her decision.

Plaintiff argues the ALJ failed to properly assess the severity of his conditions, allegations of pain and disabling symptoms in determining whether Plaintiff had an impairment that significantly limited the ability to perform basic work-related activities. "The ALJ has the discretion to evaluate the credibility of a claimant and to arrive at an independent judgment, in light of medical findings and other evidence, regarding the true extent of the pain alleged by the claimant." Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979). If the findings "are supported by substantial evidence, the court must uphold the ALJ's decision to discount a claimant's subjective complaints of pain." Aponte v. Secretary Dep't of Health & Human Services, 728 F.2d 588, 591 (2d Cir. 1984). Where a claimant alleges symptoms of a greater severity of impairment than can be shown by objective medical evidence, other evidence will be considered, including claimant's daily activities and the medications, methods and treatments used to alleviate his symptoms. 20 C.F.R. § 416.929(c)(3). It is the function of the Commissioner, not the reviewing court, to "resolve evidentiary conflicts and to appraise the credibility of witnesses, including the claimant." Caroll v. Sec'y of Health and Human Serv., 705 F.2d 638, 642 (2d Cir. 1983).

The ALJ found that Plaintiff's allegations regarding his functional limitations were not credible. The ALJ found that Plaintiff failed to disclose ongoing work activity in his testimony, the disability report he signed in May 2007, and the work history report he signed in October 2007. Plaintiff testified that he last worked in September 2003, however, on his disability report and work history report he listed different dates. Moreover, in November 2004 he told Dr. Harris that he had dropped a large wooden plank on his foot. Plaintiff told Ms. Colgan, a social worker, that he was fired from his last job in November 2007 after being employed for about one year. In January 2008, he told Dr. Pavlov that most of his employment was as a laborer and he had been doing manual labor for the

past two days. Notably, Plaintiff testified that during the large gaps in his employment history he performed odd jobs. The ALJ further questioned Plaintiff's credibility because Plaintiff told an attending physician at Robert Packer Hospital that he had recently moved from one county to another to facilitate obtaining social services. Plaintiff testified that he used a cane that had been prescribed by his treating physician because he had difficulty walking due to numbness and a needles sensation in his feet, and that he had numbness in his hands. None of plaintiff's treating physicians, however, prescribed a cane. In fact, Dr. Sheikh, observed normal sensations throughout his arms and legs. Accordingly, the ALJ's decision to discount Plaintiff's credibility is supported by substantial evidence.

A further review of the medical record fails to reveal any impairment that could be reasonably expected to significantly limit Plaintiff's ability to perform basic work activities such as lifting, carrying, pushing, pulling walking or standing. Despite Plaintiff's asserted symptoms of depression, knee pain, diabetes, visual issues, hips and bursitis in the left shoulder there are no medical records that support his statements concerning the intensity, persistence, and limiting effects of these symptoms. As a result, the ALJ's determinations are supported by substantial evidence.

### III.    CONCLUSION

For the foregoing reasons, the Court finds that the ALJ's decision is supported by substantial evidence. Accordingly, the Commissioner's motion for judgment on the pleadings is GRANTED and the determination of the Commissioner is AFFIRMED.

**IT IS SO ORDERED.**

Dated: March 20, 2012

_/s/ Thomas J. McAvoy_
Thomas J. McAvoy
Senior, U.S. District Judge